# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 822

PARNELL v. DICK, et.

Ohio Appeals, 6th Dist., Williams Co.

No. 166. Decided Oct. 18, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

70. AMENDMENT.—Of (923) Pleadings—To conform to (480) Evidence is within sound (400) discretion of court.

915. PERSONAL INJURY.—Where fingers of right hand are permanently injured, pleading and proof that injured party was preparing for career as piano player, proper.

Error to Common Pleas.

Judgment affirmed.

E. C. Peck and Shinn & Shinn, Bryan, for Parnell.

A. L. Bebhard and C. E. Scott, Bryan, for Dick et.

### STATEMENT OF FACTS

The original action was brought by Wilma Dick, a minor, by her next friend, to recover for personal injuries suffered in an automobile collision.

The trial resulted in a verdict and judgment in favor of the plaintiff. The petition averred that three of the fingers of the plaintiff's right hand were crushed, the bones and joints broken, the tendons lacerated and the ligaments torn. The petition further avers that she had been, for some time, engaged in attending schools of music for the purpose of fitting herself to become a public piano player and musical entertainer and that, because of the injuries to her fingers and wrist, she will be permanently prevented from prosecuting her musical business and profession.

After the evidence was all introduced, the plaintiff asked, and was granted, leave to file an amendment to her petition in order to make the same conform to the proof. Strenuous objection was made to the court allowing this amendment. When the trial judge allowed the amendment he inquired of counsel if they had any further evidence, whereupon counsel for plaintiff stated that there was none on the part of the plaintiff and counsel for defendant said: "None at this time." The case was thereupon argued to the jury.

### OPINION OF COURT

The following is taken verbatim from the opinion.

RICHARDS, J.

There was no application for continuance or delay in order to procure witnesses. The evidence which was introduced on the trial covered all aspects of the case, set up in the amendment to the petition, and it seems to the court that no real necessity existed for making the amendment. The entire matter rested within the sound judicial discretion of the trial court and the record discloses no abuse of that discretion.

It is urged, on behalf of the defendant below, that the trial court erred in relation to the claim made, that the plaintiff was fitting herself to become a public piano player. We think the pleading of the plaintiff in that respect was proper and the evidence introduced in relation thereto was competent. The injuries to plaintiff's fingers, on her right hand, appear, by the evidence, to be permanent, and would naturally be a more serious handicap for one who was fitting herself to make a living by piano playing than such injuries would be to one who was educating herself to teach school or for any other occupation not necessitating the skillful and accurate use of the fingers as is required in the playing of a piano. It doubtless, is true that the plaintiff was far from having completed her education in instrumental music, but she had been studying in that line and was fitting herself for a career of that kind. We find no error in the record in this respect.

The weight of evidence is relied on for a reversal of the judgment.

The evidence * * * as conceded by counsel, is sharply in conflict, each party being corroborated by substantial evidence. The question was one entirely for the jury, under appropriate instructions from the court as to the law.

Finding no prejudicial error the judgment will be affirmed.

(Williams and Lloyd, JJ., concur.)